6905

BATTLE v. CAPE FEAR LUMBER CO.

1. EVIDENCE—SECONDARY—PLAT.—A CERTIFICATE of the Secretary of State, required to be attached to a copy plat, may be identified as belonging to the plat by inspection of holes in the two papers by which they were attached, and evidence of attorney producing them to the effect that they were both fastened together when received and had since become detached.

2. TESTIMONY DE BENE ESSE.—When an issue is raised by objection to evidence *de bene esse* whether it was taken at the time and place

noticed, the trial judge should decide the issue as a fact preliminary to the admission of the deposition. That the deposition is regular on its face and that the officer certifies the testimony was taken in accordance with the notice is not conclusive.

Before KLUGH, J., Horry, Fall term, 1906. Reversed.

Action by James Battle against Cape Fear Lumber Company and J. C. Causey. From judgment for plaintiff, as to tracts 2, 3 and 4 of land, defendants appeal.

*Messrs. M. C. Woods* and *Quattlebaum,* and *St. Amand,* for appellant, cite: *Admission of plats was error:* Code 1902, 2895; 2 Bay., 525; 2 Bail., 296. *Who may maintain action for trespass:* 28 Ency., 573, 580; 128 N. C., 301.

*Mr. Robert B. Scarborough,* contra, cites: *Office copy of grant properly admitted:* Code 1902, 2895; 38 S. C., 393; 1 Brev., 236; 17 S. E., 138; 37 S. C., 285; 26 S. C., 160. *Deposition de bene esse properly admitted:* 30 S. C., 615; 60 S. C., 201. *Difference between action for trespass and to try title:* 59 S. C., 115.

May 9, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint contains four separate causes of action, to recover four different tracts of land.

The allegations of each cause of action would have constituted an action *quare clausum fregit* under the pleadings prevailing in this State prior to the adoption of the Code of Procedure.

The answer set up several defenses: (1) A general denial; (2) license from the plaintiff to enter, coupled with a demand for specific performance; and (3) title in third parties.

The jury rendered a verdict in favor of the plaintiff on all the causes of action, except the first; whereupon the defendants appealed

The first exception assigns error on the part of his Honor, the presiding Judge, in ruling that certain plats were admissible in evidence, on the ground that the certificate of the Secretary of State was not attached to said plats, as required by law.

When the plaintiff offered to introduce the plats in evidence the defendants objected on the ground that there was no testimony tending to show that the certificate of the Secretary of State referred to said plats.

Mr. F. D. Bryant, one of the plaintiff's attorneys, testified as follows: "The certificate and papers I hold in my hand, to wit: the plats I have named, all came attached together and the pin hole, where they were attached together, is apparent through them all, where they were pinned together, but the pin has got out in handling them."

In ruling upon the objection the presiding Judge said: "The certificate is rather informal, but I am inclined to think that it contains sufficient to identify the papers, in addition to the testimony of Mr. Bryant." The certificate is not in the case, and this Court, therefore, cannot say it does not sufficiently identify the plats. The ruling was correct, and this exception is overruled.

The next error assigned is because the presiding Judge ruled, that the testimony of a certain witness *de bene esse,* for the puropse of proving the execution of two deeds of conveyance, was admissible in evidence.

The record shows that the question arose as follows: "Plaintiff offers to introduce testimony taken *de bene esse* of F. Smith Floyd. Defendant objects on the ground that this testimony was taken when the defendant did not have the right to cross-examine the witness, and on the further ground that the defendant had no notice of the taking of the testimony; and, that there is nothing in the record to show that the testimony was taken at the time and place named, and, as a matter of fact, that it was not taken at the time and place named.

"Mr. Quattlebaum: May it please your Honor, I am ready to testify that this examination was not taken at the place named—the store of the witness—between the hours named, to wit, the hour of eight in the morning and the leaving of the train. I am willing to state, furthermore, that the train was delayed on that occasion and left there several hours later than it would ordinarily do, and I remained there with Mr. Floyd, the witness. The notice gave me no notice as to who would take the testimony, and I had no intimation what officer I could hunt up, and hence I remained with the witness.

"The Court: The record seems to be regular on its face, and I must allow it to be introduced."

The notice was to the effect that the testimony of F. Smith Floyd would be taken by deposition *de bene esse* at his place of business in the town of Ashpole, N. C., March 5, 1903, beginning at 10 o'clock a. m., or as soon thereafter as the officer taking the same might determine.

At the request of the defendant's attorney, the plaintiff's attorney changed the hour from 10 to 8 o'clock a. m.

O. L. Floyd, the notary public, certified under oath, that the testimony was taken by him in accordance with the notice.

The presiding Judge admitted the testimony taken *de bene esse,* on the ground that the record was regular on its face.

It will be observed that the presiding Judge did not decide the question of *fact,* whether the testimony was taken in accordance with the notice, but ruled as a matter of law, that as the certificate was regular on its face it was admissible in evidence.

This was error, as its natural effect tended to deprive the defendants of the right to cross-examine the witness.

We proceed to consider whether there was error in refusing the motion for a nonsuit as to defendant's second and fourth causes of action, on the ground "that there was a total failure of proof that the plaintiff had a title, coupled

with possession, or title or color of title, entitling plaintiff to possession, or actual possession of the land in dispute."

This Court is satisfied that the motion for nonsuit was properly refused, and as the case will have to be remanded for a new trial it is deemed advisable not to review the testimony.

The last exception assigns error in that "the verdict of the jury was capricious and without proof to support a verdict against appellants, in that the proof was that appellant was not operating at all in the territory in question at the time of the alleged trespasses, and hence if any trespass at all was committed, it was committed by parties other than appellant."

There were at least certain circumstances from which the jury might properly have inferred that the acts of trespass were committed by the defendant, and for reasons already stated the Court deems it best that no reference should be made to the testimony tending to establish this fact. This exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.

As the plaintiff has not excepted, the new trial will not cover tract number one, as to which the verdict was for defendant.